Kate Juvinall [Bar No. 315659]
kate.juvinall@huschblackwell.com
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO  64112-2551
Telephone: (816) 983-2551
Facsimile: (816) 983-8080

Attorneys for Defendants Splash News and Picture Agency, LLC

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| ESMERALDA SERVIN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SPLASH NEWS AND PICTURE AGENCY, LLC, RCAPITAL PARTNERS LLP, and DOES 1-50, Inclusive,<br><br>　　　　　Defendants. | Case No.:<br><br>**DEFENDANTS SPLASH NEWS AND PICTURE AGENCY, LLC'S NOTICE OF REMOVAL**<br><br>(Filed concurrently with Declaration of Emma Curzon in Support of Notice of Removal; Declaration of Philip Emmerson in Support of Notice of Removal; Notice of Interested Parties; Civil Cover Sheet) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Splash News and Picture Agency, LLC ("Splash") invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(a), 1441(a), and 1446, and removes this action from the Superior Court of the State of California for the County of Los Angeles. As grounds for removal, Splash states as follows:

**I.     PROCEDURAL BACKGROUND**

1.     On June 18, 2020, Plaintiff, Esmeralda Servin ("Plaintiff"), filed her Complaint in the Superior Court of California, County of Los Angeles. The case is numbered 20STCV23024.

2.     The Superior Court for the County of Los Angeles issued a Summons on June 18, 2020. Plaintiff then served a copy of the Summons, Complaint, and the other related court documents on Splash on July 8, 2020. Plaintiff also purported to serve Rcapital Partners LLP ("Rcapital LLP") on July 8, 2020, but Rcapital LLP was not properly served with process and joined in this matter. As required by 28 U.S.C. § 1446(a), copies of the Summonses, Complaint, and other related court documents served upon Splash, which constitute all the process, pleadings, and orders served upon Splash in this case to date, are attached as Exhibits A through L. The Complaint is attached as Exhibit C and will be referred to as the "Complaint."

3.     In the Complaint, Plaintiff alleges six causes of action: (1) sex or gender harassment in violation of Government Code ("Gov't Code") § 12940 *et seq.*; (2) sex or gender harassment in violation of Gov't Code § 12940 *et seq.*; (3) failure to prevent discrimination and harassment in violation of Gov't Code § 12940 *et seq.*; (4) retaliation in violation of Gov't Code § 12940 *et seq.*; (5) retaliation in violation of Labor Code § 1102.5; and (6) wrongful termination in violation of public policy.

4. On August 6, 2020, Splash filed its Answer denying the allegations in Plaintiff's Complaint. The Answer is attached as Exhibit J.

5. This Notice is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of July 8, 2020.

6. As required by 28 U.S.C. § 1446(d), the undersigned counsel certifies that Splash will give written notice of the removal to Plaintiff's counsel and the Clerk of the Los Angeles County Superior Court.

7. Venue for this action lies in the United States District Court for the Central District of California under 28 U.S.C. § 1441 because it is the judicial district in which the action was filed and where the case is pending.

## II. DIVERSITY JURISDICTION EXISTS

8. A defendant may remove a state court action to federal district court where the district court has original jurisdiction over the case. 28 U.S.C. § 1441. As shown below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

### A. The Parties Are Completely Diverse

9. Splash and Rcapital LLP are not citizens of the state of California and their citizenship is diverse from that of Plaintiff, who is a resident of the state of California. Ex. A., Compl. ¶ 1.

10. Splash is a citizen of Delaware and the United Kingdom. As a Nevada limited liability company, Splash "is a citizen of every state of which its owners/members are citizens." *3123 SBM LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (citation omitted). Splash's sole member, Splash News and Picture Agency Holdings, Inc. ("Splash Holdings"), is a Delaware corporation that maintains its principal place of business in the United Kingdom. Because it is a holding company, Splash Holdings' operations are limited to owning its interest in Splash, maintaining its books and records, paying applicable taxes, and issuing any

dividends. Decl. of Emma Curzon ¶¶ 6-9, Aug. 7. 2020, attached as Exhibit K. All of those activities occur in the United Kingdom, which renders Splash a citizen of the United Kingdom. *Id.*; *see 3123 SMB*, 880 F.3d at 465-67 (explaining that a holding company's principal place of business may be found by looking to the location where its directors meet to make high-level decisions).

11. Rcapital LLP, for its part, is a partnership organized under the laws of England and Wales. Decl. of Philip Emmerson ¶ 4, Aug. 6, 2020, attached as Exhibit L. The partnership consists of three partners, all of whom are citizens of and domiciled in the United Kingdom. *Id.* ¶ 5. The Complaint contains no allegations concerning Rcapital LLP's citizenship. *See* Ex. A, Compl. ¶ 3 (suggesting that Rcapital LLP simply did business in California). Thus, Rcapital LLP is a citizen of England, Wales, and the United Kingdom for purposes of establishing diversity jurisdiction.

12. The unnamed DOES 1 through 50 are "fictitious defendants [that are] disregarded for removal purposes . . . ." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

13. Because Splash and Rcapital LLP are citizens of Delaware, England, Wales, and the United Kingdom, this action satisfies the complete-diversity requirement. *See Preeminent Investment Corp. v. Speiginer*, Case No. EDCV16-2313-JGB(KKx), 2016 WL 6882836, *3 (C.D. Cal. Nov. 21, 2016) ("Courts may consider any evidence contained in the record to determine the proper citizenship of the parties.").

**B.     The Amount In Controversy Exceeds $75,000**

14. Plaintiff seeks to recover lost wages and benefits, damages to her reputation and metal well-being, punitive relief, and attorneys' fees. The potential scope of that relief coupled with the size of Plaintiff's salary while employed by Splash cause the amount in controversy to exceed the $75,000 threshold.

15. A court determines the jurisdictional amount based on the relief sought in the complaint. The federal diversity jurisdiction statute, 28 U.S.C. §1332(a), provides that the "amount-in-controversy requirement excludes only 'interest and costs.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). In measuring the amount in controversy, a court must assume the plaintiff will prevail on each of his claims. *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaints, not what a defendant will actually owe.").

16. Further, a defendant must only make a plausible allegation of the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The Ninth Circuit employs "a preponderance of the evidence standard when the complaint does not allege a specific amount in controversy." *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-01 (9th Cir. 2010). Under the "preponderance of the evidence" standard, the amount in controversy can incorporate assumptions, including the maximum amount "put into issue," as "the amount in controversy is simply an estimate of the total amount in dispute." *Id.* at 400.

17. While Splash denies that Plaintiff is entitled to any of the requested relief, it is clear that she has put into controversy an amount "more likely than not" in excess of $75,000, exclusive of interest and costs.

18. Here, Plaintiff seeks damages for "loss of salary and benefits," damage to her professional reputation, physical, mental, and emotional, exemplary and punitive damages, and attorneys' fees, among other relief. *E.g.*, Ex. A, Compl. ¶ 60. Although Plaintiff does not provide any details concerning the monetary value of her claim, it is evident that if she were to prevail on her six claims for relief, her damages would exceed the $75,000 threshold. Indeed, at the time of her termination from Splash, Plaintiff's annual salary was $125,000, plus benefits.

Curzon Decl. ¶ 11; *see Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the . . . [removal] standard. Defendants may introduce their own affidavits, declarations, or other documentation . . . ."). Since Plaintiff alleges that she was terminated on June 17, 2020, her claim for unpaid wages would encompass at least $125,000. Compl. ¶ 26 (alleging that Plaintiff was terminated on June 17, 2019).

19. Thus, based on the claims and allegations set forth in Plaintiff's Complaint, the total amount at stake in the litigation for Plaintiff's alleged loss of earnings and benefits, emotional distress, punitive damages, and attorneys' fees far exceeds $75,000. Plaintiff's claimed damages for unpaid wages alone of $125,000 plus benefits is more than the jurisdictional threshold.

20. In short, removal is appropriate since the record before the Court establishes this Court's diversity jurisdiction over the action. The parties are completely diverse and Plaintiff seeks damages in excess of the amount-in-controversy requirement.

21. Should the Court have a question regarding the propriety of this Notice of Removal, Splash requests that the Court issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED: August 7, 2020

By: */s/ Kate Juvinall*
Kate Juvinall

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 7th day of August 2020, the foregoing was filed with the Court via the Court's CM/ECF System and was served via first-class U.S. Mail, upon the following:

Joseph M. Lovretovich (SBN 73403)
Eric M. Gruzen (SBN 222448)
Christina R. Manalo (SBN 297718)
JML Law, APLC
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

Attorneys for Plaintiff

                                         */s/ Kate Juvinall*
                                         Attorney for Defendant Splash News and Picture Agency, LLC