# EXHIBIT J

Electronically FILED by Superior Court of California, County of Los Angeles on 08/07/2020 11:19 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

1  Kate E. Juvinall [Bar No. 315659]
   *kate.juvinall@huschblackwell.com*
2  HUSCH BLACKWELL LLP
   4801 Main Street, Suite 1000
3  Kansas City, MO 64112-2551
   Telephone:  (816) 983-8000
4  Facsimile:  (816) 983-8080

5
   Attorneys for Defendant Splash
6  News and Picture Agency, LLC

7

8              **SUPERIOR COURT OF CALIFORNIA**
               **COUNTY OF LOS ANGELES**
9

10 ESMERALDA SERVIN,                    Case No.:  20STCV23024

11              Plaintiff,
                                        **DEFENDANT SPLASH NEWS AND**
12 v.                                   **PICTURE AGENCY, LLC'S ANSWER TO**
                                        **PLAINTIFF'S COMPLAINT**
13 SPLASH NEWS AND PICTURE
   AGENCY, LLC, RCAPITAL              Complaint Filed:   June 18, 2020
14 PARTNERS LLP, and DOES 1 through   Trial Date:   None Set
   50, Inclusive,
15

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Splash News and Picture Agency, LLC ("Splash") answers the Complaint of Plaintiff Esmeralda Servin ("Servin") and asserts its affirmative and other defenses as follows:

### GENERAL DENIAL OF ALLEGATIONS

In accordance with the Code of Civil Procedure § 431.30(d), Splash generally denies each and every allegation of Servin's Complaint as to each purported cause of action therein, and, without limitation on the generality of the foregoing, denies that Servin has been damaged in any amount, or at all, by reason of any act or omission of Splash and further denies that Servin is entitled to any of the relief sought in the Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

Splash sets forth its affirmative defenses below. Unless otherwise stated, each affirmative defense is asserted as to each and every cause of action asserted against Splash. By setting forth these affirmative defenses, Splash does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Servin. Nothing stated is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Servin's allegations. Splash reserves the right to assert such other defenses as continuing investigation and discovery may disclose.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.      Servin's Complaint, and each purported cause of action alleged, fails to state facts sufficient to constitute a cause of action against Splash upon which relief can be granted. *See* Cal. Civ. Proc. Code section 430.80 (indicating defense of failure to state a claim may be raised by demurrer or answer).

/ / /

/ / /

/ / /

DocID: 4817-0302-9446.1

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2.      Servin's Complaint, and each purported cause of action alleged, is barred, in whole or in part, by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure §§ 335, 335.1, 336, 337, 338, 339, 340, 340.5, 340.9, 343, 344 and 474, and Government Code §§ 12960 and 12965.

**THIRD AFFIRMATIVE DEFENSE**

**(Compliance with the Law)**

3.      Servin's Complaint, and each purported cause of action alleged, is barred because Splash and its agents at all times complied and or substantially complied with all applicable statutes, regulations, law, and/or interpretive guidance, including but not limited to, the Fair Employment and Housing Act (the "FEHA"), the California Labor Code ("Labor Code"), or any other law with respect to matters alleged in Servin's Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

4.      Servin's Complaint, and each purported cause of action alleged, is barred because Splash at all times acted in good faith and had reasonable grounds for believing that its conduct did not violate the FEHA, the Labor Code, or any other law with respect to matters alleged in Servin's Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Satisfy Jurisdictional Prerequisites)**

5.      Servin's Complaint, and each purported cause of action alleged, is barred to the extent Servin failed to satisfy relevant jurisdictional prerequisites.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

6.      Servin's Complaint, and each purported cause of action alleged, is barred by the doctrine of estoppel.

DocID: 4817-0302-9446.1

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

7.     Servin's Complaint is barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Release and Waiver)

8.     Servin's Complaint is barred, in whole or in part, by the doctrine of release and waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.     Servin's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

10.    Splash is informed and believes and thereon alleges that a reasonable opportunity for investigation and discovery will reveal that Servin's Complaint is barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Servin's alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Exceeds Scope of the Charge)

11.    Servin's causes of action are barred in whole, or in part, to the extent that the FEHA claims alleged in the Complaint exceed the scope of Servin's alleged Charge of Discrimination.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

12.    Servin's causes of action are barred in whole, or in part, to the extent that Servin failed to exhaust her administrative remedies as to the FEHA claims, the allegations in the Complaint fall outside the scope of any administrative charges Servin

ANSWER TO COMPLAINT

DocID: 4817-0302-9446.1

filed, and/or Servin otherwise failed to comply with the statutory prerequisites to the bringing of this action under California Government Code §12900 *et seq*.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory Reasons)

13.     Servin's causes of action are barred in whole, or in part, because Splash's actions with respect to Servin were non-discriminatory, non-retaliatory, and non-pretextual; were based on legitimate reasons and carried out in the good-faith exercise of Splash's reasonable business judgment; were not based on Servin's alleged complaints or any rights and/or any protected status of Servin; and were carried out or would have been carried out regardless of Servin's protected status.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Lawful Conduct)

14.     Servin's causes of action are barred in whole, or in part, because Splash's conduct toward Servin was lawful, privileged, reasonable, justified, and in good faith.

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Prima Facie Case of Harassment)

15.     Servin's causes of action are barred in whole, or in part, because Servin has not (and cannot) set forth sufficient facts to prove (and cannot prove) essential elements of a claim for sexual harassment against Splash, including, but not limited to, unwelcome conduct, severity and/or pervasiveness, and resulting job detriment.

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Prima Facie Case of Sex Discrimination)

16.     Servin's causes of action are barred in whole, or in part, because Servin has not (and cannot) set forth sufficient facts to prove (and cannot prove) essential elements of a claim for sex discrimination against Splash, including, but not limited to, that she was meeting Splash's legitimate job expectations and causation.

/ / /

/ / /

ANSWER TO COMPLAINT

DocID: 4817-0302-9446.1

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(No Prima Facie Case of Retaliation)**

17.    Servin's causes of action are barred in whole, or in part, because Servin cannot establish a prima facie case of unlawful retaliation, including, but not limited to the essential element of engaging in protected activity and causation.

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Barred by Workers' Compensation Act)**

18.    Any and all claims in the Complaint based in whole or in part upon any alleged physical or emotional injury or distress are barred because Servin has waived any recovery for alleged physical or emotional injury or distress, to the extent that Servin has failed to pursue and exhaust her remedies, if any, under the California Workers' Compensation Act. Cal. Lab. Code § 3600 *et seq*.

**NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Insufficient Facts for Punitive Damages)**

19.    Servin's Complaint fails to state facts sufficient to recover punitive damages under California Code of Civil Procedure §3294 and §3295.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

20.    The Complaint as a whole, and each purported claim for relief alleged, is barred because any injury to Servin, the existence of which Splash specifically denies, was not proximately caused by Splash and was caused by Servin and/or by third parties over whom Splash had no control or who were acting outside the course and scope of their employment with Splash, and who were not acting in furtherance of Splash's business.  Consequently, Splash is not liable for the alleged conduct.

/ / /

/ / /

/ / /

/ / /

ANSWER TO COMPLAINT

DocID: 4817-0302-9446.1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Not Reasonably Foreseeable)

21.    The Complaint as a whole, and each purported claim for relief alleged, is barred because any alleged harm Servin suffered, the existence of which harm Splash specifically denies, was not reasonably foreseeable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

22.    The Complaint as a whole, and each purported claim for relief alleged, is barred to the extent that Servin has failed to mitigate his claimed damages, the existence of which damages is specifically denied, to the~~at~~ extent that: (1) Servin's claimed damages could have been avoided (*i.e.*, suitable positions for which Servin was qualified were available); and (2) Servin failed to use reasonable diligence and care in seeking and/or accepting such a position.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reasonable Care)

23.    Servin's causes of action are barred in whole, or in part, because Splash exercised reasonable care to prevent and correct promptly any alleged discriminatory, harassing, and/or retaliatory conduct, if any.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Anti-Discrimination Policies)

24.    Servin's causes of action are barred in whole, or in part, because of~~is~~ promulgated and disseminated appropriate company policies and practices prohibiting retaliation, harassment, and discrimination, which provide employees measures through which to report suspected violations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Set-Off)

25.    To the extent Servin recovers any damages based on her claims against Splash, the existence of which damages Splash specifically denies, Splash is entitled to a

DocID: 4817-0302-9446.1

set-off or credit for (1) the amount of Servin's actual interim earnings, benefits, or other receipts; and (2) the amounts that Splash could have earned with reasonable efforts, the propriety of which award Splash specifically denies.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Willful Conduct)

26.   To the extent Servin establishes that Splash violated her rights, which Splash specifically denies, Splash did not act willfully.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Barred)

27.   Servin's claim for attorneys' fees is barred by the provisions of California Code of Civil Procedure §1021.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Action by Managing Agent)

28.   Servin's causes of action are barred in whole, or in part, because Servin cannot show that the actions alleged in the Complaint against Splash were engaged in by a "managing agent" as required by Civil Code section 3294(b) and defined by *White v. Ultramar*, as a corporate employee who exercise substantial independent authority and judgment in its corporate decision-making so that its decisions ultimately determine corporate policy or were ratified by Splash.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Penalties Unconstitutional)

29.   The Complaint, and each purported cause of action alleged, fails to state facts sufficient to constitute a cause of action for punitive damages, in that, *inter alia*, each claim for punitive damages violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, as well as the California Constitution and related California statutory and common law because, among other reasons, the amount of such damages is disproportionate to the wrong alleged and the actual damages sought, and because neither statutory law, common law, nor the Code of

DocID: 4817-0302-9446.1

Civil Procedure affords Splash adequate procedural safeguards in light of the potential punishment at stake.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Punitive Damages Must be Reasonable)

30.     If Servin produces clear and convincing evidence against Splash sufficient to satisfy the requirements for punitive damages under California Civil Code, Section 3294, any punitive damages awarded must be reasonable under the standards in United States Supreme Court in *BMW of North America, Inc. v. Ira Gore, Jr.*: (1) the degree of reprehensibility of the alleged conduct; (2) the actual harm inflicted on Servin; and (3) the civil or criminal penalties that could be imposed for comparable misconduct.

### RESERVATION OF RIGHTS

Splash is currently without knowledge and information sufficient to form a belief as to whether it may have additional, as yet unstated, defenses available.  Splash reserves the right to assert additional defenses, including affirmative defenses, if appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Splash prays for the following relief:

A.     That Servin take nothing by this action;

B.     That the Court award to Splash reasonable costs and attorneys' fees, together with interest, including pre-judgment interest thereon; and

C.     That the Court grant Splash such other and further relief as may be deemed just and appropriate.

DATED:  August 7, 2020.

By:  /s/ Kate E. Juvinall
KATE E. JUVINALL

Attorneys for Defendant Splash News and Picture Agency, LLC

DocID: 4817-0302-9446.1

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Jackson, State of Missouri.  My business address is 4801 Main Street, Suite 1000, Kansas City, MO 64112.

On August 7, 2020, I served true copies of the following document(s) described as **DEFENDANT SPLASH NEWS AND PICTURE AGENCY, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

Joseph M. Lovretovich (SBN 73403)
Eric M. Gruzen (SBN 222448)
Christina R. Manalo (SBN 297718)
JML Law, APLC
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
Attorneys for Plaintiff

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Husch Blackwell LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail in Kansas City, Missouri.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: <u>August 7, 2020</u>.


*/s/ Kate E. Juvinall*
Kate Juvinall

ANSWER TO COMPLAINT

DocID: 4817-0302-9446.1